IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG


**RICHARD SHAWN EDWARDS,**
            **Petitioner,**

**v.**                                           **CRIMINAL ACTION No. 3:15-CR-9**
                                        **CIVIL ACTION No. 3:16-CV-134**
                                        **(GROH)**


**UNITED STATES OF AMERICA,**
            **Respondent.**

## REPORT AND RECOMMENDATION

On September 19, 2016, the *pro se* Petitioner filed a Motion[1] Under 28 U.S.C. §
2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  ECF
No. 49.  On that same date, a notice of deficient pleading issued which advised
Petitioner that his motion needed to be filed on court-approved forms.  ECF No. 53.  On
October 11, 2016, Petitioner filed his motion on the court-approved forms.  ECF No. 55.
On October 12, 2016, an Order Directing Respondent to Answer was entered.  ECF No.
57.  On November 8, 2016, the Government filed its response to the motion to vacate.
ECF No. 68.  On November 28, 2016, Petitioner filed his response[2] to the Government's
answer.  ECF No. 69.  Following his release from incarceration, on October 30, 2017,
Petitioner provided the Court with a change of address.  ECF No. 80.  Petitioner
remains on supervised release for five years following his release from imprisonment.
ECF No. 41 at 3.  This matter is pending before the undersigned for an initial review and

---

[1] The motion was initially filed as a petition in civil action number 3:16-CV-134, but all docketing
thereafter was entered under the instant original criminal action number, 3:15-CR-9.
[2] The response was styled by Petitioner as "Traverse".

Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure 2.

## II.     FACTUAL AND PROCEDURAL HISTORY

On March 17, 2015, Petitioner was charged in a single count indictment in the United States District Court for the Northern District of West Virginia.  ECF No. 1.  On June 17, 2015, Petitioner entered a plea of guilty to the indictment.  ECF Nos. 32, 65. On September 21, 2015, the Pre-Sentence Investigation Report was filed with the Court.  ECF No. 40.  On that same date, Petitioner was sentenced to a term of 30 months of incarceration for his plea, followed by five years of supervised release.  ECF No. 41 at 2 – 3.

In his October 11, 2016 Motion to Vacate under 28 U.S.C. § 2255, Petitioner raises three grounds for relief: (1) that the District Court improperly calculated his base level offense and criminal history score under the United States Sentencing Guidelines ("the Guidelines"), because some of his prior criminal history was "for charges from the same common set of events"; (2) that he received ineffective assistance of counsel who recommended that he enter a plea of guilty; (3) that the Sex Offender Registration and Notification Act ("SORNA" or "the Act")[3] was inapplicable to his conduct and violates the due process clause; and (4) that because he received ineffective assistance of counsel, he involuntarily entered a guilty plea to a crime which he was actually innocent of committing.  ECF No. 55 at 5, 6, 7, 9, 10 – 11.  In his § 2255 motion, Petitioner requested that the Court vacate his sentence and conviction and the case be dismissed.

---

[3]  As of September 1, 2017, SORNA is codified at 34 U.S.C. § 20901.  Previously the Act was codified at 42 U.S.C. § 16901, effective July 27, 2006 through August 31, 2017.

Id. at 15.  On November 8, 2016, the Respondent filed an Answer which denied the allegations in the Petition.  ECF No. 68.

## III.   STANDARD OF REVIEW

### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

### B.   Pro Se Litigants.

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit

either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### C.   Motions made Pursuant to 28 U.S.C. § 2255.

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.  To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S.

---

[4]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

152, 165 (1982).  Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255.  Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings.   "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted).  Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."   Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v. United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally

attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451 (1965)). To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage,"

rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

## IV.    ANALYSIS

This Court has reviewed Petitioner's motion to vacate [ECF No. 55], the Government's response [ECF No. 68] and Petitioner's reply [ECF No. 69] and determined that the moving party is not entitled to relief.  Although this Court has liberally read the *pro se* allegations, Petitioner has failed to state a claim upon which relief can be granted.  In his first claim, Petitioner argues that he was improperly sentenced because his criminal history was improperly calculated.  In his second and fourth claims, Petitioner argues that he received ineffective assistance of counsel because his counsel recommended he enter a plea of guilty, which he now claims he entered involuntarily, to a crime which he claims he was actually innocent of committing. In his third claim, Petitioner argues that the registration requirements of SORNA were applied retroactively in violation of his due process rights and the prohibition against *ex post facto* laws. All of Petitioner's claims fail because his sentence was properly calculated, he cannot meet the two-prong standard to demonstrate ineffective

assistance of counsel, he voluntarily entered his plea and he fails to prove that he was actually innocent of failure to register under SORNA.

### A. Petitioner's First Claim for Relief: Calculation of Sentence

Petitioner's first claim for relief regarding calculation of his sentence fails to state a claim upon which relief can be granted because (1) Petitioner's sentence was properly calculated; and (2) Petitioner failed to directly appeal this issue, and cannot now meet the two-pronged standard to collaterally attack his sentence.

### 1. Petitioner's sentence was properly calculated.

In 1993, Petitioner was convicted in Maryland of second degree rape and sentenced to 10 years of imprisonment.  ECF No. 40 at 8.  He and his counsel concede that at the time he committed this act he was at least 18 years of age, but the victim, whom he considered his girlfriend was only 13 years old.  ECF Nos. 40 at 7, 66 at 8:22 - 25.  Accordingly, Petitioner was required to register as a Tier II offender pursuant to 34 U.S.C. § 20911, which provides in part that:

> The term "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and--
> **(A)** is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:
> **(i)** sex trafficking (as described in section 1591 of Title 18);
> **(ii)** coercion and enticement (as described in section 2422(b) of Title 18);
> **(iii)** transportation with intent to engage in criminal sexual activity (as described in section 2423(a))[1] of Title 18;
> **(iv)** abusive sexual contact (as described in section 2244 of Title 18);
> **(B)** involves--
> **(i)** use of a minor in a sexual performance;
> **(ii)** solicitation of a minor to practice prostitution; or
> **(iii)** production or distribution of child pornography; or

**(C)** occurs after the offender becomes a tier I sex offender.

Petitioner asserts that pursuant to Guidelines § 2A3.5, the correct Base Offense Level range should "begin[ ] at a base offense level of 12." ECF No. 55 at 5. Petitioner was sentenced on September 21, 2015, when the applicable portion of Guidelines § 2A3.5 provided:

> (a)    Base Offense Level (Apply the greatest):
>        (1)    **16**, if the defendant was required to register as a Tier III offender;
>        (2)    **14**, if the defendant was required to register as a Tier II offender; or
>        (3)    **12**, if the defendant was required to register as a Tier I offender.

U.S. Sentencing Guidelines Manual (U.S. Sentencing Comm'n 2014). The Fourth Circuit has recognized that:

> The Guidelines provide, with respect to sentencing for a conviction under 18 U.S.C. § 2250, that a sex offender who failed to register be treated based on the seriousness of his underlying sex offense, creating a tripartite classification that identifies Tier I, Tier II, and Tier III offenders. *See* U.S.S.G. § 2A3.5(a); *id.* § 2A3.5 cmt. n.1 (incorporating the tier classifications from 42 U.S.C. § 16911).

United States v. Cammorto, 859 F.3d 311, 314 (4th Cir. 2017).

Pursuant to 34 U.S.C. § 20911, Petitioner was required to register as a Tier II Offender. According to Guidelines § 2A3.5(a)(2), the appropriate Base Level Offense for a Tier II Offender was 14. Consistent with Guidelines § 2A3.5(a)(2), the Presentence Investigation Report concluded that Petitioner's Base Offense Level was 14, with a reduction of two levels based on acceptance of responsibility. ECF No. 40 at 5 – 6. At the sentencing hearing on September 21, 2015, the District Court judge confirmed in its findings that:

> Defendant's underlying sex offense conviction required him to register as a Tier II Offender. So pursuant to Guidelines 2A23.5(a)(2), the base offense level is 14. Then there's a two-level reduction for acceptance of responsibility under 3E1.1(a), bringing us to a total offense level of 12.
>
> Defendant has a criminal history category of VI, based on 24 points.
>
> With a criminal history Category of VI, and a total offense level of 12, the Guidelines recommend imprisonment in the range of 30 to 37 months.

ECF No. 66 at 5:3 - 13. After making these findings, the Court inquired, "[a]re there any legal objections to the tentative Guidelines announced by the Court?" Id. at 5:20 – 21. Counsel for the Government and Petitioner agreed there were no objections to the findings, and the Court ruled that, "the Guidelines as announced will be the advisory Guidelines applicable to sentencing in this matter." Id. at 5:22 – 6:1. The Court then considered the sentencing memorandum Petitioner's counsel filed on his behalf, and the argument made by Petitioner's counsel. Id. at 6:2 – 14:13. Following presentations by the Petitioner, a witness on his behalf, and counsel for the Government, the Court sentenced Petitioner to imprisonment for 30 months, the lowest end of the applicable Guidelines range. Id. at 17:3 – 7. The Court noted during sentencing that Petitioner's criminal history included at least five convictions for offenses related to his failure to register as a sex offender. Id. at 26:7 – 12.

### 2. Petitioner failed to directly appeal this issue, and cannot now meet the two-pronged standard to collaterally attack his sentence.

The calculation of Petitioner's sentence by the sentencing court was a proper subject for direct appeal, however, Petitioner failed to directly appeal his conviction and sentence. In order to collaterally attack his sentence based upon errors that could have been but were not pursued on direct appeal, he must either: (1) show cause and actual

prejudice resulting from the errors of which he complains; or (2) he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.  Mikalajunas, supra, 186 F.3d at 492 – 93.

Petitioner cannot demonstrate that he is entitled to relief under 28 U.S.C. § 2255, following his failure to appeal his sentence because he cannot show that there was any cause for failure to do so or that he suffered any actual prejudice for failing to do so. Petitioner's appellate rights were not constrained by a plea agreement in the case. Petitioner broadly asserts that he did not raise the issue in his direct appeal because of "Ineffective Assistance of Counsel" without any further description.  ECF No. 55 at 5. Although the concept of "ineffective assistance of counsel" is of Constitutional import, employment of the phrase alone does not entitle Petitioner to relief.  He does not assert any reason for his failure to appeal his sentence or conviction.

Moreover, Petitioner cannot demonstrate any miscarriage of justice as contemplated in the second prong of Mikalajunas, although he contends he was "actually innocent" of the crime for which he was convicted.  Petitioner's assertion that he is actually innocent of failure to register pursuant to SORNA, is based on his misstatement of the applicability of the Act to his conduct, as discussed under Section C herein regarding his third claim for relief.  Further, Petitioner's claim of actual innocence directly contradicts his admission at plea entry:

> THE COURT:  Now if the government had to go to trial in this case, the government would have to prove the following elements of the Title 18 United States Code § 2250(a) against you beyond a reasonable doubt:
> First, that you were required to register under the Sex Offender Registration and Notification Act, being Title 42, United States Code § 16913(a),

> Second, that you were previously convicted of a sex offense,
>
> Third, that you traveled in interstate commerce, and
>
> Fourth, that you knowingly failed to register as required under the Sex Offender Registration and Notification Act.
>
> Sir, do you understand the elements of the statute under which you have been charged?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Considering those definitions, sir, do you consider yourself to be guilty of violating Title 18 United States Code § 2250(a)?
>
> THE DEFENDANT:  Yes, sir.

ECF No. 65 at 10:11 – 11: 6.

Essentially, Petitioner contends that he cannot be convicted of violating SORNA, which became effective in 2006, because he was convicted of the underlying sexual offense in 1993, prior to the enactment of SORNA.   Recently such reasoning was rejected in United States v. Cammorto, 859 F.3d. 311 (4th Cir. 2017), where the Fourth Circuit affirmed the conviction of a defendant who committed the underlying sexual offense prior to the enactment of SORNA, but who committed the interstate travel and failure to register after the enactment of SORNA.   Cammorto was convicted in 1999 in Georgia of rape and kidnapping.   Following his August 2013 release from prison, Cammorto was charged in January 2014 with a violation of SORNA for moving without notifying Georgia authorities.   In December 2015, Cammorto pled guilty to failing to register, in violation of 18 U.S.C. § 2250.   The Fourth Circuit upheld Cammorto's conviction for failure to register which contained time elements similar to those present here.   On December 22, 1993, Petitioner was convicted of second degree rape in the Circuit Court of Allegany County, Maryland, and sentenced to ten years of imprisonment.   ECF No. 40 at 4, 7.   As alleged in the indictment, following his release

from incarceration, "from on or about October 31, 2014, to on or about February 11, 2015," Petitioner, a person required to register under SORNA, engaged in interstate travel and knowingly failed to register.  ECF No. 1.  Cammorto instructs that Petitioner could properly be convicted of a violation of 18 U.S.C. § 2250 even if his predicate sexual offense conviction predated the enactment of SORNA.

Petitioner's first ground for relief fails because the errors of which he complains should have been pursued by direct appeal, and he is unable to show cause to demonstrate any miscarriage of justice or his actual innocence which would justify consideration of those issues in this § 2255 proceeding.

## B. Petitioner's Second and Fourth Claims for Relief: Ineffective Assistance of Counsel.

Petitioner's second and fourth claims for relief both regard his assertion that he received ineffective assistance of counsel.  Considered on their merits, Petitioner's ineffective assistance of counsel claims do not meet the two-part test articulated in Strickland v. Washington, 466 U.S. 668 (1984), which requires that Petitioner show that: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.

In Padilla v. Kentucky, 559 U.S. 356, 366 – 67 (2010), the Supreme Court, quoting its opinion in Strickland, recognized that it has repeatedly held:

> "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland,* at 688, 104 S.Ct. 2052. We long have recognized that "[p]revailing norms of practice as reflected in American Bar Association standards and the like ... are guides to determining what is reasonable ... ." *Ibid.; Bobby v. Van Hook,* 558 U.S. 4, ———, 130 S.Ct. 13, 16, 175

> L.Ed.2d 255 (2009) *(per curiam)*; *Florida v. Nixon,* 543 U.S.
> 175, 191, and n. 6, 125 S.Ct. 551, 160 L.Ed.2d 565
> (2004); *Wiggins v. Smith,* 539 U.S. 510, 524, 123 S.Ct.
> 2527, 156 L.Ed.2d 471 (2003); *Williams v. Taylor,* 529 U.S.
> 362, 396, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

As summarized by the Fourth Circuit in United States v. Powell, 850 F.3d 145, 149 (4th Cir.), cert. denied, 138 S. Ct. 142, 199 L. Ed. 2d 188 (2017):

> To demonstrate deficient performance, "the defendant must
> show that [his] counsel's representation fell below
> an objective standard of reasonableness," as measured by
> "prevailing professional norms." *Id.* at 688, 104 S.Ct. 2052.
> This is a high bar because it "requires showing that counsel
> made errors so serious that counsel was not functioning as
> the 'counsel' guaranteed the defendant by the Sixth
> Amendment."

In Strickland the Supreme Court recognized that, "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should also "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689, 690.

Further, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness in regard to either his second or fourth claims, but even if he had done so, Petitioner has further failed to demonstrate that the result of the proceeding would have been different as a result of such alleged error.

### 1.    Petitioner's Second Claim For Relief: Ineffective Assistance of Counsel During the Guilty Plea

Petitioner claims that following his 1993 conviction he was required to register in Maryland as a sex offender "for a ten year period, beginning in 1996," which expired in 2006, and "thus, he had no legal requirement to register" under SORNA.  ECF Nos. 55 at 7, 49[5] at 7.  Petitioner argues that his counsel's recommendation to plead guilty to a violation of failure to register under SORNA which occurred from 2014 through 2015, fell below an objective standard of reasonableness because "in pleading guilty, he would be admitting guilt to a crime which by its very terms, he did not commit."  ECF No. 55 at 7.

As recently recognized by the Fourth Circuit, "the 'requirements of SORNA apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act.' 28 C.F.R. § 72.3."  United States v. Dunkel, 685 F. App'x 234, 237 (4th Cir. 2017), cert. denied, No. 17-549, 2017 WL 4551934 (Nov. 13, 2017).  See also Cammorto, supra. Accordingly, it is clear that the registration requirements of SORNA applied to the actions of Petitioner, who was convicted of a sex offense in 1993, prior to the 2006 enactment of the statute, but who failed to register in 2014 through 2015, more than eight years after the effective date of SORNA.

Petitioner has made no showing that his counsel's performance fell below an objective standard of reasonableness in relation to his recommendation that Petitioner

---

[5]    Although the Court notes that Petitioner's initial motion to vacate cited here was not filed on court-approved forms, in his refiled motion to vacate [ECF No. 55 at 7] Petitioner indicates that his argument on Ground Two continues on to an attached page which is not attached.  Accordingly, the Court refers in part to the argument fully asserted under Ground Two in the initial motion to vacate [ECF No. 49].

enter a guilty plea to a statute which unequivocally applied to his actions. Furthermore, even if counsel's actions were deemed to fall below an objective standard of reasonableness, Petitioner is unable to demonstrate that the result would have been different.

Petitioner concedes he was convicted in Maryland in 1993 of a sexual offense which required him to register as a sexual offender in that state for a period of ten years, beginning in 1996 and ending in 2006. Petitioner contests the application of SORNA to his conduct because he believes that he served his sentence and registered for the time period proscribed by Maryland state courts. Petitioner appears to disregard the authority of Congress to enact legislation that criminalizes conduct which occurs during interstate commerce. Nonetheless, cases involving registration under SORNA have repeatedly been presented to the Supreme Court and Circuit Courts of Appeal, none of which have found the Act to be unconstitutional.

Petitioner entered a guilty plea to 18 U.S.C. § 2250 which provides in part:

> (a) In general.--Whoever--
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> shall be fined under this title or imprisoned not more than 10 years, or both.

At the plea entry hearing the Government presented its witness, John Hare, a senior inspector with the United States Marshals Service who serves as the Sex Offender Investigations Coordinator for the Northern District of West Virginia.   ECF No. 65 at 11:16 – 14:6.   Mr. Hare testified that Petitioner is a sex offender who had a previous conviction for second degree rape in Allegany County, Maryland, and that as a result of that conviction Petitioner is required to register as a sex offender.  Id. at 12:5 – 12.   Mr. Hare further testified that Petitioner was required to notify authorities when he moved his residence, and that Petitioner was last registered as living in Ridgeley, West Virginia.  Id. at 12:16 – 25.   Mr. Hare also testified that when authorities determined Petitioner failed to update his annual registration with the West Virginia State Police they found he was no longer living in Ridgeley, West Virginia, but was instead living in Cumberland, Maryland, where he had not registered.   Id. at 13:1 – 24.   Mr. Hare testified that Petitioner had traveled from West Virginia to Maryland where he was arrested for failure to register.  Id. at 13:25 – 14:6.

After counsel for the government presented its witness, the Court conducted a colloquy on the evidence presented during which time the Petitioner answered eight separate questions regarding his guilt:

> THE COURT:   Mr. Edwards, is the evidence the government attorney just presented substantially correct, sir?
> THE DEFENDANT: Yes, sir.
> THE COURT:  Did the testimony of the government's witness accurately reflect your involvement in what occurred?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT:  Mr. Edwards, could you explain to me what you did that makes you guilty of failure to register in violation of Title 18 United States Code § 2250(a)?

> THE DEFENDANT:  I moved from West Virginia to Maryland and I didn't update my registry, Your Honor.
>
> THE COURT:  Okay.  You were required to register under the Sex Offender Registration Notification Act; is that correct?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  And you were previously convicted of a sex offense?
>
> THE DEFENDANT:  Yes, sir, back in 1993.
>
> THE COURT:  Had you traveled in interstate commerce between states?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  And did you knowingly fail to register as required under the Sex Offender Registration and Notification Act?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Did these acts occur from on or about October 31, 2014 until on or about February 11, 2015 in the Northern District of West Virginia?
>
> THE DEFENDANT:  Yes, Your Honor.

ECF No. 65: 14:22 – 16:1.

The evidence presented by the Government proved the four elements of failure to register under 18 U.S.C. § 2250.  That evidence was confirmed by Petitioner in his colloquy with the Court.  Petitioner has failed to demonstrate that the result of his prosecution would have been different if his counsel had not recommended entry of a guilty plea.  Rather, had Petitioner been convicted at trial, he would have faced a higher Base Level Offense for sentencing.  However, because Petitioner entered his plea and "clearly demonstrate[d] acceptance of responsibility for his offense," pursuant to Guidelines § 3E1.1(a) he received a two-level reduction in Base Level Offense at sentencing.  ECF No. 40 at 6.

Accordingly, Petitioner's allegation of ineffective assistance of counsel in Ground Two, based on counsel's recommendation that Petitioner enter a guilty plea, is without merit.

### 2. Petitioner's Fourth Claim for Relief: Ineffective Assistance of Counsel led to an Involuntary Guilty Plea

Petitioner claims that his guilty plea was "fundamentally involuntary," and entered into because his counsel failed to "investigate[ ] the predicate offense . . . before. . . urg[ing] him to enter a guilty plea."  ECF No. 55 at 11.  Petitioner further claims that he was "innocent as a matter of fact and law, and had no duty nor obligation to register under 18 U.S.C. § 2250(a)."  Id. at 12.

However, the transcript from Petitioner's plea entry demonstrates that Petitioner entered his guilty plea knowingly and voluntarily and that he was satisfied with his counsel.  The court inquired regarding whether Petitioner's interaction with his lawyer, to which Petitioner confirmed that he had adequate time to consult with his counsel, that his lawyer answered his questions about how best to proceed in the case, had not failed to do anything which Petitioner asked him to do, and that he was completely satisfied with the legal advice he received from his counsel.  ECF No. 65 at 7:12 – 24.    During the plea colloquy the Court inquired as to whether Petitioner was entering his plea voluntarily:

> THE COURT:  Has any person forced you, threatened you, coerced you, intimidated you, or talked you into entering a guilty plea against your will?
> THE DEFENDANT:  No, Your Honor.
> THE COURT:  Are you acting voluntarily and of your own free will in entering this guilty plea?
> THE DEFENDANT:  Yes, Your Honor.
> THE COURT:  Are you pleading guilty because you are guilty of the crime charged in Count 1 of the indictment?
> THE DEFENDANT: Yes, sir.
> THE COURT:  Mr. Edwards, has anyone promised you or told you something that is different from what I have told you today to get you to plead guilty?
> THE DEFENDANT:  No.

> THE COURT:   Are you pleading guilty to protect anyone, sir?
> THE DEFENDANT: No, Your Honor.
> THE COURT:  Has anyone promised or predicted the exact sentence which would be imposed upon you in this matter?
> THE DEFENDANT: No, Your Honor.
> THE COURT: Do you understand that at this time no one could know the exact sentence which would be imposed in this case?
> THE DEFENDANT: Yes, sir.
> THE COURT:  Mr. Edwards, have you been able to fully understand what is going on in these proceedings today?
> THE DEFENDANT: Yes, sir.
> THE COURT:   Based on your responses, Mr. Edwards, I find that your guilty plea is voluntary.

ECF No. 65 at 24:23 – 26:4.  Other than the bald assertion contained in his § 2255 motion, nothing in the record establishes that Petitioner's guilty plea was involuntary.

Petitioner's claim that his counsel provided ineffective assistance because he "failed to adequately investigate" the predicate offense before recommending a plea entry is unfounded.  As acknowledged by his counsel at plea entry, there was no meritorious legal defense if Petitioner's case went to trial.  ECF No. 65 at 16:2 – 5. Nothing in the record, including the instant § 2255 motion, suggests that Petitioner was not convicted of a sexual offense against a minor in 1993.  That conviction combined with the provisions of SORNA which required Petitioner to register as a sexual offender, met the first and second elements of a violation of 18 U.S.C. § 2250.  To meet the third and fourth elements of the statute, the Government was required to prove that the Petitioner engaged in interstate travel and knowingly failed to register under SORNA. Petitioner last registered in December 2013 indicating he lived in Ridgely, West Virginia. ECF No. 40 at 4.  He was arrested in Maryland on February 11, 2015.  Id. at 5.  Based

on his last registration in West Virginia and arrest in Maryland, it is clear that Petitioner engaged in interstate travel. Further, Petitioner had been convicted of failure to register at least three times previously, in 2003, 2004 and 2012. Id. at 4. The 2003 and 2004 convictions for failure to register occurred prior to the enacted of SORNA, however, the 2012 conviction occurred afterward. It is clear that Petitioner knew he was required to register, as evidenced by his convictions, and his most recent registration in December 2013.

Even if Counsel did not investigate the "conditions of the sentence imposed by the State sentencing Court" as alleged by Petitioner, such a failure would not fall below an objective standard of reasonableness in the provision of assistance of counsel. Counsel's confirmation that Petitioner was convicted of a sexual offense which required Petitioner to register under SORNA was sufficient investigation for counsel to advise him regarding his legal liability for his violation of 18 U.S.C. § 2250. Additionally, Petitioner cannot meet the second prong of Strickland, in that he cannot demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. Accordingly, Petitioner's fourth claim for relief is without merit.

### C.   Petitioner's Third Claim For Relief: Applicability of SORNA

Petitioner claims that SORNA cannot be applied to his actions committed from 2014 through 2015 because the Act was passed after his 1993 second degree rape conviction. The Supreme Court addressed the retroactive applicability of SORNA in Carr v. United States, 560 U.S. 438, 441–42 (2010), where Justice Sotomayor wrote:

> Since 1994, federal law has required States, as a condition
> for the receipt of certain law enforcement funds, to maintain
> federally compliant systems for sex-offender registration and
> community notification. In an effort to make these state

schemes more comprehensive, uniform, and effective, Congress in 2006 enacted the Sex Offender Registration and Notification Act (SORNA or Act) as part of the Adam Walsh Child Protection and Safety Act, Pub.L. 109–248, Tit. I, 120 Stat. 590. Among its provisions, the Act established a federal criminal offense covering, *inter alia,* any person who (1) "is required to register under [SORNA]," (2) "travels in interstate or foreign commerce," and (3) "knowingly fails to register or update a registration." 18 U.S.C. § 2250(a). At issue in this case is whether § 2250 applies to sex offenders whose interstate travel occurred prior to SORNA's effective date and, if so, whether the statute runs afoul of the Constitution's prohibition on *ex post facto* laws. See Art. I, § 9, cl. 3. Liability under § 2250, we hold, cannot be predicated on pre-SORNA travel.

In Carr, the Court found that SORNA could not be applied to Carr's actions, however, the facts are distinguishable to those presented here. Carr was convicted of sexual abuse in state court in May 2004, and after a period of incarceration, was released from custody on July 3, 2004, when he registered as a sex offender as required by state law. In late 2004 or early 2005, prior to SORNA's enactment, Carr moved out of state and failed to register in his new state of residence. In 2006, SORNA was enacted. In August 2007, Carr was indicted for failing to register in violation of 18 U.S.C. § 2250, based on his interstate travel and failure to register which occurred before the enactment of SORNA. The Supreme Court found that Carr could not be guilty of any failure to register under SORNA which occurred before the effective date of the Act. Although Petitioner was convicted of his underlying sexual offense prior to the enactment of SORNA, as was Carr, by contrast, Petitioner's violation of § 2250 was based on his interstate travel which occurred after the enactment of SORNA.

Petitioner also claims that the application of SORNA to his failure to register pursuant to 18 U.S.C. § 2250 in 2014 and 2015, based on his 1993 conviction for

second degree rape, violates the *ex post facto* prohibition of the United States Constitution.  However, that contention is a misstatement of the law.  In <u>Weaver v. Graham</u>, 450 U.S. 24, 28, (1981), the Supreme Court explained:

> The *ex post facto* prohibition [U.S.Const., Art. I, § 9, cl. 3; Art. I, § 10, cl. 1] forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Cummings v. Missouri*, 4 Wall. 277, 325–326, 18 L.Ed. 356 (1867). See *Lindsey v. Washington*, 301 U.S. 397, 401, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937); *Rooney v. North Dakota*, 196 U.S. 319, 324–325, 25 S.Ct. 264, 265–266, 49 L.Ed. 494 (1905); *In re Medley*, 134 U.S. 160, 171, 10 S.Ct. 384, 387, 33 L.Ed. 835 (1890); *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798).

(footnotes omitted).  In regard to SORNA, the act which became punishable following the 2006 enactment of the statute, was failing to register as a sexual offender.  SORNA was enacted nearly a decade before Petitioner failed to register in late 2014 through early 2015.  There is no *ex post facto* component of SORNA as relates to Petitioner's failure to register from 2014 through 2015.  No additional punishment has been prescribed in relation to his 1993 conviction.  Instead, starting in 2006, it became a federal offense to fail to comply with SORNA requirements when both engaging in interstate travel and failing to register.  Petitioner's violation of SORNA occurred more than eight years after enactment of the statute, and thus his arguments that the Act violates the prohibition against *ex post facto* laws is unfounded.

Petitioner is unable to demonstrate that the 2006 provisions of SORNA were improperly applied to his acts committed in 2014 and 2015.  Accordingly, Petitioner has not proved that: his conviction or sentence was imposed in violation of the laws or Constitution of the United States; the court in imposing sentence lacked jurisdiction; the

sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack.  Accordingly, he is not entitled to relief under 28 U.S.C. § 2255, and his third claim for relief is without merit and should be denied.

## V.    RECOMMENDATION

For the reasons set forth herein, it is recommended that the Petitioner's motions to vacate filed pursuant to 28 U.S.C. § 2255 [ECF Nos. 49, 55] be **DENIED** and the petition be **DISMISSED.**

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

Dated:          December 21, 2017

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE